UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BRYON G. PETTIJOHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV00025 ERW |
| | ) | |
| NINA ZUMWALT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Bryon G. Pettijohn (registration no. 1076063) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $15.92. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint [Doc. #1], the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $79.58, and an average monthly balance of $17.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.92, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center ("NECC"), brings this action for the violation of his constitutional rights under 42 U.S.C. § 1983 and for "medical negligence." Named as defendants are Nina Zumwalt (Assistant Director of Nursing, Corizon Medical Services), James Hurley (NECC Warden), Tomes Cabrera (Doctor, Corizon Medical Services), and G. Babich (Doctor, Corizon Medical Services).

Liberally construing the complaint and attached exhibits, plaintiff is alleging that he suffers from chronic low back pain and has "ambulatory disabilities." He states that Dr. Cabrera was treating him with Gabapentin and that, for no medical reason, on July 14, 2014, Dr. Cabrera decided to taper him off Gabapentin and place him on Mobic. Plaintiff states that he is "suffering greatly because of this act." In addition, plaintiff alleges that he needs to be seen by an independent neurologist. Plaintiff claims that defendants Zumwalt, Hurley, and Babich each read his

grievances and did nothing to help him. The exhibits attached to the complaint indicate that plaintiff was scheduled to see "the physician" on August 25, 2014, but he did not show for the appointment. Plaintiff was again scheduled to see "the physician" on September 15, 2014, and he refused the visit. On September 22, 2014, plaintiff was seen, x-rays were ordered, and a follow-up visit was scheduled for October 13, 2014. In addition, the exhibits indicate that Dr. Cabrera enrolled plaintiff in the pain clinic; however, plaintiff refused the medications he was offered. Plaintiff was encouraged to continue to be an active participant in his health care by keeping scheduled appointments, taking medications as prescribed, and implementing the recommended exercises. The exhibits also indicate that plaintiff claimed that Dr. Cabrera was "trying to prescribe meds that he [knew] did not work" and that if he had missed any doctors' appointments, it was because he had not been advised of them. Plaintiff claims that Corizon conspired with Dr. Cabrera "to engage in a widespread policy to deprive" plaintiff of chronic pain management.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against the four defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about

5

defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official, such as defendant James Hurley, in his official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As such, the complaint is legally frivolous as to defendant James Hurley.

Similarly, to state a claim against a Corizon employee in his or her official capacity, a plaintiff must allege that a policy or custom of his employer is responsible for the alleged constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Although plaintiff summarily claims that a conspiracy existed between Corizon and Dr. Cabrera, plaintiff's conclusory allegations fail to state a policy or custom claim, and they are insufficient to support a conspiracy claim. To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451

(8th Cir. 1993). Plaintiff's allegations are nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1949. Because there are no factual, non-conclusory allegations that would show that Corizon and Dr. Cabrera conspired to impinge upon plaintiff's constitutional rights, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557; *Iqbal*, 129 S. Ct. at 1949. For these reasons, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Nina Zumwalt, Dr. Cabrera, and Dr. Babich in their official capacities.

As additional grounds for dismissing this action, the Court notes that mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property). Moreover, medical malpractice and inadvertent failure to provide adequate medical care do not amount to a constitutional violation, *Dulany v. Carnahan*, 132 F.3d 1234, 1343 (8th Cir. 1997), and prison officials do not violate the Eighth Amendment when, in the exercise of

7

their professional judgment, they refuse to implement a prisoner's requested treatment. *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).

Because plaintiff's federal claims will be dismissed, any pendent state claims plaintiff is attempting to assert will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $15.92 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 21st day of April, 2015.

_____
   E. RICHARD WEBBER
   SENIOR UNITED STATES DISTRICT JUDGE